Raymond **FAYERWEATHER**, Plaintiff,

v.

Honorable **Griffin BELL**, U. S. Attorney General, et al., Defendants.

Civ. A. No. 77–578.

United States District Court,
M. D. Pennsylvania.

March 22, 1978.

Raymond Fayerweather, pro se.

Joseph Cimini, Asst. U. S. Atty., Lewisburg, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

Raymond Fayerweather, a federal prisoner currently confined in the United States Penitentiary in Atlanta, Georgia, filed this action on July 1, 1977, alleging loss of certain personal property in September of 1976 when he was subjected to custodial movements involving penal institutions in Miami and Tallahassee, Florida, Atlanta, Georgia, and Lewisburg, Pennsylvania. All pending motions in this case were assigned to a United States Magistrate for his report and recommendation pursuant to 28 U.S.C. § 636(b) on January 13, 1978. The Magistrate filed his report on January 26, 1978, recommending that the Defendants' motion for a protective order staying discovery be granted and that Defendants' motion to dismiss or in the alternative for summary judgment, be granted. The Plaintiff filed exceptions to the report of the Magistrate on February 6, 1978. For the reasons which follow we do not adopt the recommendation of the Magistrate in regard to several of the Defendants.

An examination of the complaint and supporting exhibits reveals that Plaintiff alleges that on September 21, 1976, Defendants Stout and Spell, United States Marshals, picked up Plaintiff at the Dade County Jail, Miami, Florida, for transportation to a Federal Institution. On the same day, Plaintiff was transported to the Tallahassee Correctional Institution by the Defendants Stout and Spell and placed in the institution for an overnight stay. Defendants Stout and Spell are alleged to have taken custody of Plaintiff's personal property for safekeeping when he left the Dade County Jail. Plaintiff kept in his possession a gold medal and chain when he left the county jail. During his overnight stay in Tallahassee Marshals Stout and Spell are alleged to have kept possession of Plaintiff's other personal property in a "property envelope", and Plaintiff was allowed to keep his gold medal and chain by signing a receipt relieving prison personnel of responsibility for them.

On September 22, 1976, the Plaintiff and Defendants Stout and Spell left Tallahassee and proceeded to the Federal Penitentiary at Atlanta, Georgia. At the Atlanta Federal Penitentiary Defendants Stout and Spell apparently parted company with Plaintiff and, according to Plaintiff, they told him they would turn his property envelope over to Atlanta prison personnel. It is further alleged that Plaintiff was escorted to the receiving and discharge section of the Atlanta Federal Penitentiary by Defendant Stephenson, a correctional officer, for the

purpose of processing. Plaintiff indicates that Defendant Stephenson ordered him to turn over his "gold medal and chain". Plaintiff asserts that he objected to turning over his gold medal and chain and that Defendant Stephenson then forced him to turn them over. It is alleged that Defendant Stephenson informed the Plaintiff that "holdovers" were not permitted to have such articles, whereupon Plaintiff says he requested a receipt and Defendant Stephenson refused to produce a receipt and told Plaintiff, "They do not give receipts to holdovers for personal property". It is averred that Defendant Stephenson then gave Plaintiff a receipt only for the money he had attached to his property envelope. At this point there is some lapse in time and in the Plaintiff's recitation of the events leading to his discovery that his property was missing. He says he arrived at the United States Penitentiary at Lewisburg, Pennsylvania, and was taken to the receiving section to inventory his personal property, and that upon inventory of his personal property by Correctional Officer Weiser, they discovered Plaintiff's gold medal and chain and other jewelry was missing from the property envelope.

On October 11, 1976, the Plaintiff complained to prison officials and later filed an administrative "tort claim" with the Bureau of Prisons on December 13, 1976, in the amount of $508.45, receipt of which was acknowledged on December 15, 1976. On May 27, 1977, Plaintiff sent a final notice to the Defendants of his intention to file suit if his missing property was not returned to him. The Plaintiff received no response from the Bureau of Prisons other than two return mail receipts.

Suit was filed in this Court on July 1, 1977, against several individuals including the Honorable Griffin Bell, United States Attorney General, Norman Carlson, Director of the United States Bureau of Prisons, Mr. Stout, Deputy Marshal, with the United States Marshal Service, Miami Division, Mr. Spell, Deputy Marshal in the United States Marshal Service, Miami Division, Mr. C. Stephenson, Correctional Officer of the United States Bureau of Prisons, as-

signed to the Atlanta Federal Penitentiary, and C. E. Fenton, Warden of Lewisburg, Federal Penitentiary. The United States Department of Justice was also named as a Defendant.

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361 and 2241 et seq. for violations of his Constitutional rights under the First, Fourth, Fifth, Seventh and Ninth Amendments of the United States Constitution. Basically he asserts wilful and wrongful taking of his personal property without due process and he wants the property returned to him or just compensation for the wrongs he has allegedly suffered.

■ We believe that the Magistrate has properly recommended dismissal of the claims based upon 28 U.S.C. § 2241, the federal habeas corpus statute, and 28 U.S.C. § 1361, the mandamus statute. Therefore, what we are left with is a *Bivens*-type action pursuant to 28 U.S.C. § 1331 for violation of the Plaintiff's property rights under the Fifth Amendment. *Bivens v. Six Unknown Named Agents Of Federal Bureau Of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The statute was amended in 1976 to eliminate the requirement of any specific amount in controversy where the action is brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity. 28 U.S.C. § 1331(a), Pub.L. 94–574; *See,* 1976 U.S.Code Cong. & Admin.News, p. 6121.

■ At various points in the documents filed by Plaintiff he refers to negligence and lack of due care, and it becomes apparent that given the circumstances of the case, Plaintiff is not sure whether his property was negligently lost or intentionally stolen. Obviously none of the parties involved would have been acting within the scope of their authority and discretion in an intentional theft of Plaintiff's property and they could be sued in a *Bivens*-type action for such a violation. The other possibility, that Plaintiff's property was negligently lost by the government personnel involved in transferring Plaintiff from Florida to

Pennsylvania raises the applicability of the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671–2680. The Federal Torts Claims Act may be invoked by federal prisoners. *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). When the complaint is construed liberally, as we must with a pro se prisoner civil rights action, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we believe it also contains a Federal Torts Claims Act action.

We will now discuss each of these causes of action, the *Bivens*-type and the Federal Torts Claims Act action, as it pertains to each of the individual Defendants, and will then determine the pending motions for a protective order and to compel discovery.

### The Bivens-type Claim

■ Federal personnel who deprive persons of their Constitutional rights can be sued for damages and other relief under 28 U.S.C. § 1331, as such actions arise under the Constitution of the United States. *Bivens v. Six Unknown Named Agents Of Federal Bureau Of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Bethea v. Reid*, 445 F.2d 1163 (3d Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749.

■ In the complaint Plaintiff names as Defendants, *inter alia*, the United States Justice Department, the Honorable Griffin Bell, United States Attorney General, and Norman Carlson, the Director of the Federal Bureau of Prisons. The complaint is silent as to the personal involvement, if any, of Defendants Bell and Carlson. As a federal official is not vicariously liable for the actions of his subordinates, *Lander v. Morton*, 171 U.S.App.D.C. 146, 518 F.2d 1084, 1087 (1975), the complaint fails to state a claim upon which relief can be granted against these two Defendants and therefore will be dismissed as to Defendants Bell and Carlson. The United States Justice Department, as a branch of the Federal Government, is immune from a suit for money damages except in those instances where such action has been consented to as in the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671–2680, and therefore the *Bivens*-type action against the Department of Justice will be dismissed.

■ As for Defendant Fenton, the Defendants' motion to dismiss, or in the alternative, for summary judgment, states that Plaintiff has failed to allege any involvement on his part, and Defendant Fenton has submitted an affidavit stating he has no knowledge of Plaintiff's loss of his personal property. The Plaintiff has submitted as an exhibit a copy of a memorandum sent to him by the Regional Counsel, Northeast Region, Federal Bureau of Prisons, on which there was what appears to be a request by the counsel that Warden Fenton have someone investigate Mr. Fayerweather's claim and attempt to locate the property. There is no indication that Warden Fenton ever personally received this request, and we believe it is an action which would be within his discretionary and official duties as warden and he is therefore immune from suit. *Johnson v. Alldredge*, 488 F.2d 820, 826 (3d Cir. 1973).

■ In his report the Magistrate indicated that he viewed the case as a tort action covered by the Federal Torts Claims Act. From our reading of the complaint and other supporting documents filed by the prisoner, we believe that as to the two United States Marshals, Stout and Spell, and the Correctional Officer Stephenson, the complaint states a *Bivens*-type action for deprivation of constitutional rights. The prisoner, while referring at times in his supporting documents to the negligence of the Government personnel for losing his property, also speaks of "wilfully and wrongfully" depriving him of his personal property, and wrongfully taking such property. Complaint, paragraphs 12 and 32.1. Because of the factual setting involved here, where a prisoner must turn over his personal property to prison personnel or United States Marshals for safekeeping, it becomes difficult for the prisoner to initially determine whether the property which is not later returned to him has been negli-

gently lost or intentionally taken. At this point the prisoner should be allowed to proceed under his theory of wilful and wrongful deprivation until additional facts can be placed on the record which indicate more clearly the proper theory of action.

Therefore, we will order the *Bivens*-type action brought pursuant to 28 U.S.C. § 1331 to proceed as against Defendants Stout, Spell and Stephenson. The *Bivens*-type action against Defendants Bell, Carlson, Fenton and the United States Justice Department will be dismissed.

*The Federal Torts Claims Act*

■ The Defendants' motion to dismiss, or in the alternative for summary judgment, states that viewed as a tort claim this Court lacks jurisdiction because Plaintiff has failed to satisfy the procedural prerequisite of filing a tort claim with the appropriate government agency. We feel constrained to agree and we will dismiss this action as to all Defendants.

Construed as a tort claim, Plaintiff's complaint is governed by the federal torts claims procedure found at 28 U.S.C. § 2671 et seq. and 28 C.F.R. § 14.1 et seq. The filing of an administrative claim with the proper federal agency is a jurisdictional prerequisite to a civil action under the Federal Torts Claims Act. *Morano v. United States Naval Hospital*, 437 F.2d 1009 (3d Cir. 1971); *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971); *Turtzo v. United States*, 347 F.Supp. 336 (E.D.Pa.1972). This requirement applies to actions by federal prisoners. *Mayo v. United States*, 407 F.Supp. 1352 (E.D.Va.1975).

The purpose of exhaustion of administrative remedies under 28 U.S.C. § 2675(a) is to improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation. *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970).

Plaintiff filed an administrative claim with the United States Bureau of Prisons on December 13, 1976. The Bureau apparently ignored the claim until November 21, 1977, when a memorandum was sent to the Plaintiff indicating that full consideration could not be given the claim because it was improperly filed. Had the Bureau acted promptly to notify Plaintiff of the irregularities in his administrative claim it is possible that the purposes of the exhaustion requirement would have been met and this action might well have been unnecessary. At the very least, the Plaintiff would by now have properly exhausted his administrative remedies. It is with the greatest reluctance that we must dismiss the Federal Torts Claims Act action against the Department of Justice, Bureau of Prisons and Correctional Officer Stephenson for failure to exhaust administrative remedies.

The prisoner should immediately refile the form SF–95 with the Bureau of Prisons making certain that he signs the form at blank 15. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2; *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971). In the previously filed claim the prisoner did properly give an exact statement of the amount claimed. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2; *Bialowas v. United States, supra; Jordan v. United States*, 333 F.Supp. 987. (E.D.Pa. 1971).

In the memorandum to the prisoner indicating to him that the Bureau is as yet unable to give full consideration to the possibility of an administrative settlement, the prisoner is instructed to properly complete the requisite form and to comply with the Instructions, subpart (c). This instruction provides in pertinent part:

"(c) In support of claims for property which is not economically reparable, or if the property is lost or destroyed, the claimant should submit statement as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the

type of property damages, or by two or more competitive bidders, and should be certified as being just and correct."

We seriously question the rigid applicability of the requirement of such a detailed statement to a claim such as this one, involving as it does such small items of personal property and a pro se prisoner litigant. We urge the Bureau to take these factors into consideration when processing Plaintiff's administrative claim.

The Plaintiff never filed an administrative claim with the United States Marshal Service prior to instituting this action as required by 28 U.S.C. § 2675(a). As the Magistrate correctly points out in his report, the alleged acts or omissions which resulted in Plaintiff's loss occurred in September or October of 1976, and Plaintiff is not yet foreclosed by the statute of limitations from instituting a proper federal torts claim with the United States Marshal Service. This should be done immediately, the prisoner making certain to sign the form, demand a sum certain, and give as must detail as possible about the lost property and its value.

*Discovery Motions*

As we have retained jurisdiction of the *Bivens* -type action against Defendants Stephenson, Stout and Spell, discovery may proceed against these individuals. Interrogatories have been served upon Defendants Stephenson and Stout and they should be answered. As Defendants Fenton and Carlson are no longer parties to this action they need not file answers to the interrogatories.

An appropriate order will be entered.