Thomas **PEREIRA**, Plaintiff–Appellant,

v.

**U.S. POSTAL SERVICE; Judith Wolfe; Ernie Molina; Tom Regan; Frank Smith, Defendants–Appellees.**

No. 89–15055.

United States Court of Appeals, Ninth Circuit.

Submitted: Feb. 7, 1990 *.

Decided March 29, 1990.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and 9th Cir. Rule 34–4.

Tim Provis, Santa Clara, Cal., for plaintiff-appellant.

Stephen E. Alpern, Associate Gen. Counsel, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before CHOY, THOMPSON and TROTT, Circuit Judges.

## OPINION

### FACTS

Pereira, a letter carrier for the U.S. Postal Service, filed this action alleging he was harassed by his supervisors because of his activities associated with his candidacy for a position on the Santa Clara California City Council. Pereira contends he was harassed for allegedly abusing sick leave, was instructed not to take his lunch more than one-half mile from his letter carrier route, and was ordered (along with other letter carriers) not to talk on the work room floor. Pereira contends that all of these actions were taken to retaliate against him for exercising his First Amendment right to campaign for office.

Pereira filed this action against the U.S. Postal Service and four of his managers on October 26, 1988, seeking preliminary and permanent injunctions, compensatory damages of three million dollars, and nine million dollars in punitive damages. Prior to filing this suit, Pereira did not avail himself of binding grievance arbitration provided for in the postal workers' collective bargaining agreement.

On November 3, 1988, Pereira sought a temporary restraining order. On November 10, the district court denied Pereira's motion for a temporary restraining order and dismissed the complaint on the grounds that Pereira did not exhaust his

union-management procedures as required by federal law, nor did he demonstrate that such exhaustion would be futile. Pereira appeals the dismissal of his action.

We find Pereira's failure to exhaust bars this action and affirm the district court's dismissal.

## STANDARD OF REVIEW

■] The district court's dismissal is reviewed de novo by this court. *Lofton v. Heckler*, 781 F.2d 1390, 1392 (9th Cir.1986).

### 1. *Injunction*

Pereira was a candidate in the November 8, 1988 election for City Council in Santa Clara, California. Thus Pereira's claim for injunctive relief is moot. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.")

### 2. *Damages*

#### A. The Individual Managers

■ Pereira is seeking damages from his supervisors in their individual capacities, and is doing so without first exhausting procedures provided in his collective bargaining agreement. In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Court held that a constitutional tort action against individual federal managers should not be implied where Congress has created an alternate remedy. In this case, Congress has expressly authorized the adoption of collective bargaining agreements by the Post Office which provide for binding grievance procedures. 39 U.S.C. § 1206 (1976). Other courts addressing similar cases have recognized that the remedial scheme available to postal employees precludes the availability of a separate constitutional claim when the collective bargaining agreement is not exhausted. *Bradley v. United States Postal Service*, 832 F.2d 1061 (8th Cir.1987); *Roman*

*v. United States Postal Service*, 821 F.2d 382 (7th Cir.1987); *Harding v. United States Postal Service*, 802 F.2d 766 (4th Cir.1986); *McCollum v. Bolger*, 794 F.2d 602 (11th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987). We agree. Pereira's failure to exhaust his collective bargaining remedies, as required by 29 U.S.C. § 185(a), foreclosed him from bringing this action.

#### B. The Postal Service

■ Pereira also seeks recovery against the United States Postal Service, claiming a waiver of sovereign immunity. Appellees argue that there is not a waiver of sovereign immunity with respect to the Postal Service for constitutional torts.

"In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity...." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Pereira brings this claim against the United States Postal Service "pursuant to the decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics ...*." 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff–Appellant's Complaint at 1. *Bivens*, however, "does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir.1984), *cert. denied*, 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1989); *see also Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir.1985) ("We cannot accept ... that *Bivens* ... logically compel[s] the United States to be held liable in damages for the constitutional torts of its officers.").

Congress has enacted a general waiver of sovereign immunity, 39 U.S.C. § 401(1), which provides, in pertinent part, "The Postal Service shall have the following general powers: (1) to sue and be sued in its official name; ...." This waiver, however, is limited with respect to tort claims. 39 U.S.C. § 409(c).[1]

1. 39 U.S.C. § 409(c) provides, in pertinent part, The provisions of chapter 171 and all other

provisions of title 28 relating to tort claims shall

■ The Federal Tort Claims Act (FTCA) provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law. 28 U.S.C. § 1346(b); *see also Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir. 1978). Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts.

■ The "sue and be sued" language of the Postal Service's charter should not be interpreted to enlarge the waiver of sovereign immunity specified by the FTCA. As the Court in *Loeffler v. Frank*, 486 U.S. 549, 562, 108 S.Ct. 1965, 1973, 100 L.Ed.2d 549 (1988), noted:

> Prior to the FTCA's enactment, certain federal agencies were already suable in tort. Although Congress enacted the FTCA to allow suits against many agencies that previously had been immune from suits in tort, it also wished to place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies. H.R. Rep. No. 1287, 79th Cong., 1st Sess., ¶ 6 (1945). Accordingly, Congress expressly limited the waivers of sovereign immunity that it had previously effected through "sue-and-be-sued" clauses and stated that, in the context of suits for which it provided a cause of action under the FTCA, "sue-and-be-sued" agencies would be subject to suit only to the same limited extent as agencies whose sovereign immunity from tort suits was being waived for the first time.... 

We note that our decision that the Postal Service cannot be sued for constitutional torts is consistent with decisions of other circuits that have addressed this issue. *McCollum v. Bolger*, 794 F.2d 602 (11th Cir.1986), *cert. denied*, 479 U.S. 1034, 107

S.Ct. 883, 93 L.Ed.2d 836 (1987); *Insurance Co. of N. Am. v. United States Postal Service*, 675 F.2d 756 (5th Cir.1982); *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97 (2d Cir. 1981). The district court's dismissal is

AFFIRMED.

apply to tort claims arising out of activities of the Postal Service.