**Ronald C. YOUNG, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION and Resolution Trust Corporation, jointly and severally, Defendants.**

Civ. A. No. 90–B–1882.

United States District Court,
D. Colorado.

May 8, 1991.

shipper's unreasonable practice defense, not an unreasonable rate defense. Thus, *West Coast*

Walter C. Brauer, III, Brouer, Buescher, Valentine, Goldhammer & Kelman, P.C., Denver, Colo., for plaintiff.

involved the same negotiated rate defense now barred by *Maislin* and is not persuasive.

Kathleen L. Torres, Asst. U.S. Atty., Denver, Colo., Gregory F. Taylor, Federal Deposit Ins. Corp., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Ronald C. Young (Young) was officially employed by defendant Federal Deposit Insurance Corporation (FDIC), but worked for defendant Resolution Trust Corporation (RTC). He was fired effective July 20, 1990. Young alleges he was denied due process because he was not given a hearing concerning the termination. He also alleges breach of contract. Young seeks compensation for the alleged due process violation, damages for lost income, reinstatement, and attorney fees. Hearing on defendants' motion to dismiss or, in the alternative, motion for summary judgment, was held Friday, April 26, 1991. I conclude that the due process claim is barred by sovereign immunity and that defendants are entitled to summary judgment on the breach of contract claim.

## I. DUE PROCESS CLAIM

Defendants argue that the due process claim must be dismissed because the United States has not waived sovereign immunity. I agree.

The United States, as sovereign, is immune from suit except when it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *Id.*

■ Young does not contest that this is a suit against the United States. Rather, he argues that the "sue and be sued" clauses in 12 U.S.C. §§ 1819 and 1441a(b)(10)(F) are general waivers of sovereign immunity for claims brought against the FDIC and the RTC. I disagree.

In *Freeling v. FDIC*, 221 F.Supp. 955, 956–57 (W.D.Okla.1962), *aff'd on basis of district court's opinion*, 326 F.2d 971 (10th Cir.1963), the court held that the "sue and be sued" language of section 1819 did not waive sovereign immunity for a slander claim asserted against the FDIC even though recovery may have been precluded under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. *See also Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024 (10th Cir.1989).

Young attempts to distinguish *Freeling* and *Ascot* by arguing that the claims asserted in those cases were torts within the meaning of the FTCA, but were explicitly excepted from its provisions by 28 U.S.C. § 2680. He argues that his due process claim is not a tort within the meaning of the FTCA because it is not a tort based on state law. *See McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987).

*Ascot* is not distinguishable. There, the Tenth Circuit held that the "sue and be sued" clause of 15 U.S.C. § 634(b) did not waive sovereign immunity for plaintiff's first amendment claim even though that claim was not considered as a tort within the meaning of the FTCA. *Ascot*, 887 F.2d at 1031–32. Under *Ascot*'s analysis, it follows that the "sue and be sued" clauses in 12 U.S.C. §§ 1819 and 1441a(b)(10)(F) do not waive sovereign immunity for constitutional claims. Thus, Young's due process claim is barred by sovereign immunity. *Rush v. FDIC*, 747 F.Supp. 575, 579 (N.D. Cal.1990).

## II. BREACH OF CONTRACT CLAIM

### A. Jurisdiction

Subject to one exception, the Tucker Act, 28 U.S.C. § 1491, grants exclusive jurisdiction over claims against government agencies to the Claims Court if (1) the action seeks monetary relief in excess of $10,000, and (2) the action is founded upon government contract. *Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272, 1277 (10th Cir.1991). These conditions are satisfied here because this action is founded on a government contract and Young is seeking more than $10,000 in lost salary.

■ A district court does have jurisdiction, however, if there is a specific grant of alternative jurisdiction and a separate waiver of sovereign immunity. *Flagship Federal Savings Bank v. Wall*, 748 F.Supp. 742, 746 (S.D.Cal.1990); *see Mar v. Kleppe*, 520 F.2d 867, 870 (10th Cir.1975).

Here, specific grants of alternative jurisdiction are found at 28 U.S.C. § 1331 and 12 U.S.C. § 1441a(*l*)(1). Thus, the question is whether the "sue and be sued" clauses in 12 U.S.C. §§ 1819 and 1441a(b)(10)(F) waive sovereign immunity for the breach of contract claim.

In *Mar*, the Tenth Circuit held that the "sue and be sued" language of 15 U.S.C. § 634(b) was "an express consent to suit." *Mar*, 520 F.2d at 870. In *Ascot*, however, the court limited *Mar*:

> Insofar as this opinion establishes a limitation or modification of *Mar v. Kleppe*, we are authorized by all the active judges of the court to state that the full court approves the interpretation of *Mar* herein, limiting that opinion to a jurisdictional grant *where a contractual agreement is asserted; Mar* is not interpreted to confer jurisdiction for the entertainment of claims against the [Small Business Administration] or its Administrator sued in his official capacity on a theory such as [plaintiff]'s which has no contractual basis.

*Ascot*, 887 F.2d at 1030 n. 5 (emphasis added).

■ Here, there is a contractual agreement asserted. Thus, I conclude that the "sue and be sued" statutes asserted here, like the "sue and be sued" statute asserted in *Mar v. Kleppe*, constitute a waiver of sovereign immunity for the breach of contract claim.

**B.** *The Merits*

Defendants move to dismiss, or in the alternative, for summary judgment. By order dated February 22, 1991, I notified the parties that the motion would be treated as one for summary judgment and granted leave to file Rule 56 evidentiary materials.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The summary judgment burdens of the movant and nonmovant vary depending on who bears the burden of proof at trial. Where a nonmovant bears the trial burden, the movant's initial burden is slight. The movant need only inform the court of the basis for the motion, and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This burden is discharged by alleging that there is an absence of evidence to support the nonmovant's case. *Id.* at 325, 106 S.Ct. at 2554. The burden then shifts to the nonmovant to go beyond the pleadings and present evidence showing that there are genuine issues of material fact to be determined at trial. *Id.* at 322–23, 106 S.Ct. at 2552. The nonmovant must present specific facts and conclusory allegations do not suffice. *Lujan v. National Wildlife Federation*, — U.S. —, — – —, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695, 716–17 (1990).

Assuming Young may bring a breach of employment contract claim against the United States, *but see Hamlet v. United States*, 873 F.2d 1414 n. 5 (Fed.Cir.1989) (appointed employee cannot sue the government for breach of contract), I conclude that Young does not meet his summary judgment burden.

■ To sustain his breach of contract claim, Young has the burden of proving that his contract was for a definite term. *Sullivan v. Stark*, 808 F.2d 737, 741 (10th Cir.1987). The only evidence Young submits on this issue is an affidavit in which he asserts that an RTC official told him that "subject to my performance the work was a 5–7 year deal. One of the terms [the RTC official] used in this discussion was that whether the work lasted 5–7 years for me was whether I did a 'reasonable job.'" Young Affidavit, ¶ 4.

This is insufficient to sustain Young's summary judgment burden of showing that

the employment contract was for a definite term. *See Shaw v. United States*, 226 Ct.Cl. 240, 640 F.2d 1254, 1260 (1981) ("[f]ederal officials who by word or act generate expectations in persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government"); *Riplinger v. United States*, 695 F.2d 1163, 1164–65 (9th Cir. 1983) (same); *Williams v. FDIC*, 723 F.Supp. 612, 614 (W.D.Okla.1989). As this is the only evidence Young presents, the motion for summary judgment is granted.

Accordingly, it is ORDERED that:

(1) defendants' motion to dismiss or, in the alternative, motion for summary judgment is GRANTED; and

(2) final judgment shall enter, each party to bear its own costs.