**Thomas PEREIRA, Plaintiff–Appellant,**

v.

**U.S. POSTAL SERVICE; Judith Wolfe; Ernie Molina; Tom Regan; Frank Smith, Defendants–Appellees.**

No. 89–15055.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 1990 *.

Opinion Filed March 29, 1990.

Opinion Withdrawn Aug. 20, 1991.

Decided Aug. 20, 1991.

Rehearing and Rehearing En Banc Denied Aug. 20, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Tim Provis, Santa Clara, Cal., for plaintiff-appellant.

Stephen E. Alpern, Assoc. Gen. Counsel, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before CHOY, THOMPSON and TROTT, Circuit Judges.

## ORDER

The opinion filed in this case on March 29, 1990, *Pereira v. U.S. Postal Service,* 899 F.2d 861 (9th Cir.1990), is ordered withdrawn.

The panel has voted to deny appellant's petition for petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

## OPINION

TROTT, Circuit Judge:

### FACTS

Pereira, a letter carrier for the U.S. Postal Service, filed this action alleging he was harassed by his supervisors because of his activities associated with his candidacy for a position on the Santa Clara California City Council. Pereira contends he was harassed for allegedly abusing sick leave, was instructed not to take his lunch more than one-half mile from his letter carrier route, and was ordered (along with other letter carriers) not to talk on the work room floor. Pereira contends that all of these actions were taken to retaliate against him for exercising his First Amendment right to campaign for office.

Pereira filed this action against the U.S. Postal Service and four of his managers on October 26, 1988, seeking preliminary and permanent injunctions, compensatory damages of three million dollars, and nine million dollars in punitive damages. Prior to filing this suit, Pereira allegedly did not avail himself of binding grievance arbitration provided for in the postal workers' collective bargaining agreement.

On November 3, 1988, Pereira sought a temporary restraining order. On November 10, the district court denied Pereira's motion for a temporary restraining order and dismissed the complaint on the grounds that Pereira had not exhausted his union-management grievance procedures as required by federal law, nor did he "demonstrate[] that such exhaustion would be futile." Prior to the dismissal of the action, the district court inexplicably gave no notice or warning to Pereira that it was considering dismissing his case for failure to exhaust, nor did it extend to him an opportunity to be heard on this issue. Pereira appeals the dismissal of his action.

We reverse and remand the district court's dismissal for failure to exhaust as to the individual defendants, but we affirm the dismissal as to the United States Postal Service on the ground that its sovereign immunity from this action is patent.

### STANDARD OF REVIEW

The district court's dismissal is reviewed de novo by this court. *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986).

## 1. *Injunction*

■ Pereira was a candidate in the November 8, 1988 election for City Council in Santa Clara, California. Because the election is long since past, Pereira's claim for injunctive relief is moot. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.")

## 2. *Damages*

### A. The Individual Managers

Pereira is seeking damages from his supervisors in their individual capacities, and is doing so without first exhausting procedures provided in his collective bargaining agreement. In *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Court held that a constitutional tort action against individual federal managers should not be implied where Congress has created an alternate remedy. In this case, Congress has expressly authorized the adoption of collective bargaining agreements by the Postal Service which provide for binding grievance procedures. 39 U.S.C. § 1206 (1976). Other courts addressing similar cases have recognized that the remedial scheme available to postal employees precludes the availability of a separate constitutional claim when the grievance procedure provided by the collective bargaining agreement has not been exhausted. *Bradley v. United States Postal Service,* 832 F.2d 1061 (8th Cir.1987); *Roman v. United States Postal Service,* 821 F.2d 382 (7th Cir.1987); *Harding v. United States Postal Service,* 802 F.2d 766 (4th Cir.1986); *McCollum v. Bolger,* 794 F.2d 602 (11th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987).

■ Pereira, however, argues in a petition for rehearing filed with this court[1] that "if the trial court had bothered to give him an opportunity to brief this issue, counsel could have presented the facts that (a) the collective bargaining agreement specifi-

cally excepts 'official discussions' from the grievance procedure and (b) prior to threatening to fire Mr. Pereira, his supervisor informed him that he was engaging in an official discussion." Earlier, in his opening brief, Pereira states that he had "attempted to use the grievance procedure and management repudiated it as to his constitutional claim."

■ The infirmity in this case on this issue stems not from the substance of the district court's ruling regarding exhaustion but from the peremptory manner in which the issue was handled and the ruling made. All that the court had before it when it ruled that Pereira had not exhausted his remedies *and* that he "has not demonstrated that such exhaustion would be futile" was the government's claim that he had not exhausted his remedies. The court had no briefing from Pereira on this issue nor did it hear argument. Although a district court is empowered under Rule 12(h)(3) of the Federal Rules of Civil Procedure to dismiss an action whenever it appears that the court lacks subject matter jurisdiction, it cannot do so "without giving the plaintiff an opportunity to be heard, unless such appears on the face of the complaint and is obviously not curable." *Harmon v. Superior Court,* 307 F.2d 796, 797 (9th Cir. 1962). In the present case, the district court pulled the trigger before Pereira was given an opportunity to answer the government's allegations. We are compelled to remand this issue to the district court to give Pereira an opportunity to present his argument that he was excused from pursuing and exhausting his collective bargaining remedies as required by 29 U.S.C. § 185(a). Although Pereira may not prevail ultimately with this argument, the record at this stage is simply devoid of the information needed to assess this claim.

### B. The Postal Service

■ Pereira also seeks recovery against the United States Postal Service, claiming a waiver of sovereign immunity. Appellees argue that there is no waiver of sovereign

---

1. In an opinion filed in this case on March 29, 1990, this court overlooked this issue. *Pereira v. U.S. Postal Service,* 899 F.2d 861 (9th Cir. 1990). The panel now corrects the error.

immunity with respect to the Postal Service for constitutional torts.

"In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity...." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Pereira brings this claim against the United States Postal Service "pursuant to the decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*...." 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens*, however, "does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir.1984), *cert. denied*, 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986); *see also Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir.1985) ("We cannot accept ... that *Bivens* ... logically compel[s] the United States to be held liable in damages for the constitutional torts of its officers.").

Congress has enacted a general waiver of sovereign immunity, *39 U.S.C. § 401(1)*, which provides, in pertinent part, "The Postal Service shall have the following general powers: (1) to sue and be sued in its official name; ...." This waiver, however, is limited with respect to tort claims. 39 U.S.C. § 409(c).[2]

■ The Federal Tort Claims Act (FTCA) provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law. *28 U.S.C. § 1346(b); see also Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir. 1978). Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts.

■ The "sue and be sued" language of the Postal Service's charter should not be interpreted to enlarge the waiver of sover-

eign immunity specified by the FTCA. As the Court in *Loeffler v. Frank*, 486 U.S. 549, 562, 108 S.Ct. 1965, 1973, 100 L.Ed.2d 549 (1988), noted:

> Prior to the FTCA's enactment, certain federal agencies were already suable in tort. Although Congress enacted the FTCA to allow suits against many agencies that previously had been immune from suits in tort, it also wished to place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies. H.R.Rep. No. 1287, 79th Cong., 1st Sess., ¶ 6 (1945). Accordingly, Congress expressly limited the waivers of sovereign immunity that it had previously effected through "sue-and-be-sued" clauses and stated that, in the context of suits for which it provided a cause of action under the FTCA, "sue-and-be-sued" agencies would be subject to suit only to the same limited extent as agencies whose sovereign immunity from tort suits was being waived for the first time....

We note that our decision that the Postal Service cannot be sued for constitutional torts is consistent with decisions of other circuits that have addressed this issue. *McCollum v. Bolger*, 794 F.2d 602 (11th Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987); *Insurance Co. of N. Am. v. United States Postal Service*, 675 F.2d 756 (5th Cir.1982); *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97 (2d Cir. 1981). The district court's dismissal is

AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs of this appeal.

---

**2.** 39 U.S.C. § 409(c) provides, in pertinent part, The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.