953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Lee MADSEN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE MISSION STATION, Defendant-Appellee.
 No. 90-15959.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 15, 1992.*
Decided Jan. 23, 1992.
 
 Before TANG, PREGERSON and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Lee Madsen filed an action against the United States Postal Service, Mission Station. The complaint alleged that the Post Office's failure to obtain the signature of the addressee, the signature of the postal agent, and the date of delivery on a certified mail receipt violated Madsen's First and Fourteenth Amendment rights. Madsen seeks $10,000 in compensatory damages, $10,000 in punitive damages, and an injunction. The district court granted Madsen leave to proceed in forma pauperis. In May 1990, the district court sua sponte dismissed the complaint as frivolous. Madsen appeals. We affirm.
 
 DISCUSSION
 
 3
 A district court may dismiss an in forma pauperis action prior to the issuance of service if the complaint is frivolous. 28 U.S.C. § 1915(d); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A complaint is frivolous if it "lacks an arguable basis in law or fact." Id. We hold that Madsen's asserted constitutional injuries are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 4
 In order to make out a prima facie case of First Amendment infringement, plaintiffs must articulate a precise impact on their ability to speak, assemble, or petition the government. Cf. Dole v. Local Union 375, 921 F.2d 969, 972 (9th Cir.1990), cert. denied, 112 S.Ct. 197 (1991). Madsen fails to allege any facts that would support a finding that his freedom to speak or communicate through the mails was actually inhibited. Madsen does not allege that his mail was not delivered. Madsen's mere assertion that he did not receive the service he paid for (that is, that the letter went as ordinary mail rather than as certified mail) does not allege a constitutional injury encompassed by the First Amendment.
 
 
 5
 Likewise, the Post Office's alleged incidental failure to complete the return receipt does not amount to a constitutional injury cognizable under the Fifth Amendment's Due Process Clause.[1] See F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312, 1316-17 (9th Cir.1989) (no constitutional violation where plaintiff could seek compensation for alleged wrong through breach of contract action under the Tucker Act); Stover v. United States, 332 F.2d 204, 206 (9th Cir.), cert. denied, 379 U.S. 922 (1964).
 
 
 6
 As an alternative basis for affirmance, we hold that this action is barred by the doctrine of sovereign immunity. In a suit against the United States or its agencies, money damages cannot be recovered absent a waiver of sovereign immunity. Pereira v. United States Postal Serv., 942 F.2d 577, 580 (9th Cir.1991). The United States has not waived its sovereign immunity for constitutional torts committed by the Postal Service or its employees acting in their official capacity. Id.; see also 28 U.S.C. § 2680(b) (no waiver of sovereign immunity under the Federal Torts Claim Act for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Consequently, Madsen's constitutional claims against the Post Office are not actionable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Madsen's reliance on the Fourteenth Amendment is misplaced. The Fourteenth Amendment constrains the actions of states. It is the Fifth Amendment's due process clause that regulates the federal government