Thomas **PEREIRA**, Plaintiff–Appellant,

v.

**U.S. POSTAL SERVICE; Judith Wolfe; Ernie Molina; Tom Regan; Frank Smith, Defendants–Appellees.**

No. 89–15055.

United States Court of Appeals, Ninth Circuit.

Submitted February 7, 1990 *.

Opinion Filed Aug. 20, 1991.

Opinion Withdrawn May 18, 1992.

Filed: May 18, 1992.

Rehearing Denied May 18, 1992.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and 9th Cir. Rule 34–4.

Tim Provis, Santa Clara, Cal., for plaintiff-appellant.

Stephen E. Alpern, Associate Gen. Counsel, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before: CHOY, THOMPSON, and TROTT, Circuit Judges.

## ORDER ·

The opinion filed in this case on August 20, 1991, *Pereira v. United States Postal Serv.*, 942 F.2d 577 (9th Cir.1991), is ordered withdrawn. The appellees' petition for rehearing is denied.

## OPINION

TROTT, Circuit Judge:

### FACTS

Pereira, a letter carrier for the U.S. Postal Service, filed this action alleging he was harassed by his supervisors because of his activities associated with his candidacy for a position on the Santa Clara California City Council. Pereira contends he was harassed for allegedly abusing sick leave, was instructed not to take his lunch more than one-half mile from his letter carrier route, and was ordered (along with other letter carriers) not to talk on the work room floor. Pereira contends that all of these actions were taken to retaliate against him for exercising his First Amendment right to campaign for office.

Pereira filed this action against the U.S. Postal Service and four of his managers on October 26, 1988, seeking preliminary and permanent injunctions, compensatory damages of three million dollars, and nine million dollars in punitive damages. Prior to filing this suit, Pereira allegedly did not avail himself of binding grievance arbitration provided for in the postal workers' collective bargaining agreement.

On November 3, 1988, Pereira sought a temporary restraining order. On November 10, the district court denied Pereira's motion for a temporary restraining order and dismissed the complaint on the grounds that Pereira had not exhausted his union-management grievance procedures as required by federal law, nor did he "demonstrate[ ] that such exhaustion would be futile." Prior to the dismissal of the action, the district court inexplicably gave no notice or warning to Pereira that it

was considering dismissing his case for failure to exhaust, nor did it extend to him an opportunity to be heard on this issue. Pereira appeals the dismissal of his action.

We affirm the district court's dismissal of Pereira's suit both as to the individual defendants, and the United States Postal Service.

## STANDARD OF REVIEW

The district court's dismissal is reviewed de novo by this court. *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986) (per curiam).

### 1. *Injunction*

■ Pereira was a candidate in the November 8, 1988 election for City Council in Santa Clara, California. Because the election is long since past, Pereira's claim for injunctive relief is moot. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

### 2. *Damages*

#### A. The Individual Managers

■ Pereira is seeking damages from his supervisors in their individual capacities in a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because Congress has established a comprehensive remedial scheme for the claims of Postal employees such as Pereira, we hold his *Bivens* action is precluded.

When Congress creates a comprehensive remedial scheme, *Bivens* actions cannot be used to supplement that scheme. In *Bush v. Lucas,* 462 U.S. 367, 389, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983), the Supreme Court held that a constitutional tort action against individual federal managers should not be implied where Congress has created an alternative remedy. In *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), the Court clarified and extended its holding in *Bush,* precluding a *Bivens* action brought by recipients of social security disability benefits.

When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.

*Id.* at 423, 108 S.Ct. at 2468. "This court has broadly applied *Chilicky,* holding that where Congress has provided *some* mechanism for relief, *Bivens* claims are precluded." *Berry v. Hollander,* 925 F.2d 311, 313 (9th Cir.1991).

Congress has created a comprehensive and elaborate remedial scheme for aggrieved Postal workers such as Pereira. "Chapters 10 and 12 of the Postal Reorganization Act (PRA), 39 U.S.C. §§ 1001–1011, 1201–1209, set out a comprehensive scheme governing employment relations within the Postal Service." *American Postal Workers Union v. United States Postal Serv.,* 940 F.2d 704, 708 (D.C.Cir.1991).

Pereira claims he is not subject to this congressional scheme because he is governed by a collective bargaining agreement which does not allow for judicial review of an arbitrator's decision issued pursuant to that agreement. As authority for this proposition, he cites *Burke v. United States Postal Serv.,* 888 F.2d 833, 834 (Fed. Cir.1989), in which the Federal Circuit decided it lacked jurisdiction over such an arbitrator's decision. Pereira's claim lacks merit because the collective bargaining agreement itself, and the concomitant ban on judicial review discussed in *Burke,* are themselves generated by statute; they are part of Congress' overall remedial scheme. *See id.; Pipkin v. United States Postal Serv.,* 951 F.2d 272, 275–76 (10th Cir.1991); *McCollum v. Bolger,* 794 F.2d 602, 607 (11th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987).

Pereira's claims are indistinguishable from those addressed and rejected by the Tenth Circuit in *Pipkin:*

We must next decide whether the grievance and arbitration procedures available to [the plaintiffs] through the applicable collective bargaining agreement between the [Postal Service] and its employees preclude plaintiffs' *Bivens* claims. When Congress has acted to cre-

ate a comprehensive statutory scheme to address a particular class of claims, the courts will not act to create additional judicial remedies, even where a particular litigant does not have a remedy available under the statutory scheme. This is particularly true in federal employment relationships, where Congress has provided a comprehensive civil service scheme to address disputes.

Congress expressly authorized the [Postal Service] to adopt comprehensive binding arbitration provisions in its collective bargaining agreements between the [Postal Service] and its employees. The applicable collective bargaining agreement provided grievance procedures, including arbitration, to address plaintiffs' disputes arising from the employment relationship. *Because Congress has provided a comprehensive procedure to address postal employees' constitutional claims arising from their employment relationship with the [Postal Service], those arbitration procedures preclude plaintiffs'* Bivens *claims.*

*Pipkin,* 951 F.2d at 275–76 (citations omitted) (emphasis added).

Accordingly, we join a parade of other circuits in precluding the use of *Bivens* actions to supplement Congress' remedial scheme. *See Pipkin,* 951 F.2d at 275–76; *Bradley v. United States Postal Serv.,* 832 F.2d 1061, 1061–62 (8th Cir.1987) (per curiam); *Roman v. United States Postal Serv.,* 821 F.2d 382, 386 (7th Cir.1987); *Harding v. United States Postal Serv.,* 802 F.2d 766, 767–68 (4th Cir.1986); *McCollum,* 794 F.2d at 607. We hold the district court correctly dismissed Pereira's claims.

**B. The Postal Service**

Pereira also seeks recovery against the United States Postal Service, claiming a waiver of sovereign immunity. Appellees argue that there is no waiver of sovereign immunity with respect to the Postal Service for constitutional torts.

■ "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity...." *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Pereira brings this claim against the United States Postal Service "pursuant to the decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics....*" 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens,* however, "does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir.1984), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986); *see also Clemente v. United States,* 766 F.2d 1358, 1363 (9th Cir.1985) ("We cannot accept ... that *Bivens* ... logically compel[s] the United States to be held liable in damages for the constitutional torts of its officers.").

Congress has enacted a general waiver of sovereign immunity, 39 U.S.C. § 401(1) (1988), which provides, in pertinent part, "The Postal Service shall have the following general powers: (1) to sue and be sued in its official name...." This waiver, however, is limited with respect to tort claims. 39 U.S.C. § 409(c) (1988).[1]

■ The Federal Tort Claims Act (FTCA) provides a waiver of sovereign immunity for tortious acts of an agency's employees only if such torts committed in the employ of a private person would have given rise to liability under state law. 28 U.S.C. § 1346(b) (1988); *see also Birnbaum v. United States,* 588 F.2d 319, 322 (2d Cir.1978). Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts.

■ The "sue and be sued" language of the Postal Service's charter should not be interpreted to enlarge the waiver of sovereign immunity specified by the FTCA. As the Court noted in *Loeffler v. Frank,* 486 U.S. 549, 562, 108 S.Ct. 1965, 1973, 100 L.Ed.2d 549 (1988):

Prior to the FTCA's enactment, certain federal agencies were already suable in

---

1. 39 U.S.C. § 409(c) provides, in pertinent part: The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.

tort. Although Congress enacted the FTCA to allow suits against many agencies that previously had been immune from suits in tort, it also wished to place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies. H.R.Rep. No. 1287, 79th Cong., 1st Sess., ¶ 6 (1945). Accordingly, Congress expressly limited the waivers of sovereign immunity that it had previously effected through "sue-and-be-sued" clauses and stated that, in the context of suits for which it provided a cause of action under the FTCA, "sue-and-be-sued" agencies would be subject to suit only to the same limited extent as agencies whose sovereign immunity from tort suits was being waived for the first time....

We note that our decision that the Postal Service cannot be sued for constitutional torts is consistent with decisions of other circuits that have addressed this issue. *McCollum*, 794 F.2d 602; *Insurance Co. of N. Am. v. United States Postal Serv.*, 675 F.2d 756 (5th Cir.1982); *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97 (2d Cir.1981). The district court's dismissal is

AFFIRMED. The parties shall bear their own costs of this appeal.