995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert H. KETCHUM, aka Frank D. Katrla, Jr. and John
Shangreaux, Plaintiffs-Appellants,
v.
CITY OF TUCSON POLICE, et al., Defendants-Appellees.
 No. 92-17021.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Harrell Ketchum appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights action against the City of Tucson Police Department, Pima County Adult Detention Center, and the United States Postal Service. Ketchum contends that the district court did not examine his pro se complaint under a "less stringent standard" and incorrectly determined that his complaint failed to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). Review is based on the contents of the complaint, and allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. at 794. We are obliged to construe pro se pleadings liberally and under a "less stringent standard" than those prepared by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam); Madsen v. Boise State University, 976 F.2d 1219, 1223 (9th Cir.1992).
 
 
 4
 Ketchum's original complaint alleged that Tucson police falsely arrested him twice and refused him representation of counsel, that the Pima County Adult Detention Center unconstitutionally seized and lost his clothing, and that the United States Postal Service failed to deliver his pleadings to the district court in violation of the First Amendment. Ketchum also alleged claims against the Cities of Eloy and Kingman.[1] The district court dismissed defendant United States Postal Service for lack of subject matter jurisdiction but granted leave to amend as to the other defendants. After granting Ketchum leave to amend two additional times, the district court dismissed the causes of action against City of Tucson and Pima County Adult Detention Center.
 
 
 5
 * Dismissal of United States Postal Service
 
 
 6
 Generally, a dismissal under rule 12(b)(6) should not be affirmed unless it is clear that the deficiencies in the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Nevertheless, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653. In a suit against the United States or its agencies, money damages cannot be recovered absent a waiver of sovereign immunity. Pereira v. United States Postal Serv., 964 F.2d 873, 876 (9th Cir.1992). The United States has not waived its sovereign immunity for constitutional torts committed by the Postal Service or its employees acting in their official capacity. Id. at 876-77; see also 28 U.S.C. § 2680(b) (no waiver of sovereign immunity under the Federal Tort Claims Act for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter").
 
 
 7
 Because Ketchum's claim against the United States Postal Service was barred by the doctrine of sovereign immunity, Ketchum could not have prevailed against the Postal Service under any state of facts. See Pereira, 964 F.2d at 876-77. The district court therefore properly concluded that the complaint could not be cured by amendment and dismissed the action against the United States Postal Service. See Kelson, 767 F.2d at 656.
 
 II
 
 8
 Dismissal of City of Tucson and Pima County Adult Detention Center
 
 
 9
 All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Because pro se litigants are subject to the same rules of procedure that govern other litigants, this rule of waiver applies as well to pro se litigants. Id.
 
 
 10
 Here, Ketchum filed a second amended complaint on May 8, 1991. This complaint included allegations against City of Tucson, Pima County Adult Detention Center, City of Eloy, and City of Kingman. City of Eloy moved for dismissal. On December 9, 1991, the district court denied City of Eloy's motion to dismiss and ordered Ketchum to amend his complaint to further elaborate his allegations against the City of Eloy. In its order, the district court advised Ketchum that the amended complaint had to be rewritten in its entirety and could not incorporate any part of any previous complaint by reference and that it would replace the second amended complaint already filed. In his third amended complaint, however, Ketchum failed to include the allegations of misconduct or injuries caused by the City of Tucson Police Department or Pima County Adult Detention Center. In light of this omission, the district court granted the City of Tucson's and Pima County Adult Detention Center's motions to dismiss.
 
 
 11
 Ketchum's third amended complaint failed to allege any wrongdoing or resulting injury by the City of Tucson Police Department or Pima County Adult Detention Center, and Ketchum therefore waived the causes of action alleged in his earlier complaint. See King, 814 F.2d at 567. Because the rule of waiver for failure to state causes of action in amended complaints applies to pro se litigants, we hold that the district court properly dismissed the section 1983 actions against defendants City of Tucson and Pima County Adult Detention Center even under the "less stringent standard" for pro se pleadings. See King, 814 F.2d at 567; Madsen, 976 F.2d at 1223.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These claims were settled and are not raised on appeal