29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo VELASQUEZ, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 93-17041.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 1
 Before: FARRIS, KOZINSKI, and NOONAN Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Rodolfo Velasquez appeals pro se the district court's dismissal of his action alleging that the United States Postal Service ("Postal Service") illegally and unconstitutionally required him to work on various federal holidays, failed to pay him for those holidays, and issued a disciplinary letter to him. Velasquez contends that the district court erred by concluding that it lacked subject jurisdiction over his action. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 We review de novo the district court's determination regarding subject matter jurisdiction. Reebok Int'l. v. Marnatech Enters., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 5
 Federal courts have jurisdiction over actions brought "for violation of contracts between the Postal Service and a labor organization representing Postal Service employees." 39 U.S.C. Sec. 1208(b). A Postal Service employee who is subject to a collective bargaining agreement containing a binding procedure for resolving grievances may not maintain a cause of action unless the union failed to provide fair representation. See Bowen v. United States Postal Serv., 459 U.S. 212, 220-22 (1983); accord Johnson v. United States Postal Serv., 756 F.2d 1461, 1465, 1467 (9th Cir.1985) (because Sec. 1208 is "essentially identical to Section 301(a) of the National Labor Relations Act," courts may rely on Sec. 301 cases for guidance). A union may screen grievances and present to arbitration only those claims that are meritorious. See Johnson, 756 F.2d at 1465.
 
 
 6
 Congress has provided "a comprehensive and elaborate remedial scheme for aggrieved Postal workers," and Postal Service employees may not supplement this scheme by bringing a constitutional claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Pereira v. United States Postal Serv., 964 F.2d 873, 875-76 (9th Cir.1992).
 
 
 7
 Velasquez belongs to the American Postal Workers Union ("Union"), which has a collective bargaining agreement with the Postal Service. The agreement contains a four-step grievance and arbitration procedure that ends in a "final and binding" decision by an arbitrator. The Union represents the employee in the grievance and arbitration procedure, and has the authority to withdraw or settle the grievance.
 
 
 8
 The Postal Service scheduled Velasquez to work on several federal holidays, and did not pay him when he absented himself from work on some of the scheduled days. The Postal Service also issued a disciplinary letter to Velasquez for his absences. Velasquez presented his claims to the Union. He contended that the Postal Service violated the agreement. The Union did not take some of Velasquez's claims to arbitration because it determined that the claims lacked merit or because the Union previously had obtained unfavorable results on identical issues. The Union scheduled arbitration for one of Velasquez's claims, which he cancelled.
 
 
 9
 Velasquez contends in his amended complaint and in other documents considered by the district court that the Postal Service violated the collective bargaining agreement by forcing him to work on holidays when his presence was unnecessary, and by withholding his pay and disciplining him for refusing to work on some of the holidays. Velasquez also contends that the Postal Service discriminated against him by withholding his holiday pay, while paying other workers for their holidays.
 
 
 10
 Because the collective bargaining agreement provided for a binding grievance and arbitration procedure, that procedure is Velasquez's exclusive remedy for any claimed breach of the employment agreement. See Truex v. Garrett Freightlines, 784 F.2d 1347, 1353 (9th Cir.1985) (union members limited to remedies set forth in collective bargaining agreement). The Union fulfilled its duty to Velasquez by screening his grievances and pursuing only those claims that were meritorious. See Johnson, 756 F.2d at 1465. Velasquez does not claim--nor does the record indicate--that the Union's treatment of his greivances was arbitrary, discriminatory, or in bad faith. See Stupy v. United States Postal Serv., 951 F.2d 1079, 1082 (9th Cir.1991) (district court lacked jurisdiction to consider claims against Postal Service where Union did not act in bad faith during grievance procedure). Accordingly, the district court lacked jurisdiction over Velasquez's claims involving violations of the collective bargaining agreement. See Johnson, 756 F.2d at 1467.
 
 
 11
 Velasquez's constitutional claim fails because he cannot supplement the remedial scheme provided in the collective bargaining agreement with a Bivens action. See Pereira, 964 F.2d at 875-76. Finally, because Velasquez does not claim discrimination based upon race, national origin, age, or exercise of other protected rights, the district court lacked jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e to 2000e-17 (Title VII), or the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621-634 (ADEA). See Brown v. General Services Admin., 425 U.S. 820, 835 (1976) (Title VII and ADEA provide exclusive remedies for claims of discrimination in federal employment).[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Velasquez's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Velasquez's claim, raised for the first time on appeal, that the Postal Service's waiver of sovereign immunity, contained in 39 U.S.C. Sec. 401(1), provides a basis for subject matter jurisdiction. See Pereira, 964 F.2d at 877 (section 401(1) does not extend waiver of sovereign immunity to constitutional torts)
 In light of our holding, we need not address the Postal Service's claim that Velasquez failed to effect proper service of his complaint and amended complaint under Fed.R.Civ.P. 4(i).
 Finally, we deny Velasquez's request to consolidate and his motion to supplement the record on appeal.