52 F.3d 334
 75 A.F.T.R.2d 95-2100
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Jay ROWEN, Plaintiff-Appellant,
v.
Nora ELLIOTT; United States of America, Defendants-Appellees.
 No. 94-35128.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1995.*
Decided April 18, 1995.
 
 AND REMANDED.
 Before: WRIGHT, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rowen sued Elliott and several IRS employees, alleging assorted torts after Elliott complied with IRS summons seeking documents related to tax preparation. After allowing the United States to substitute itself as a defendant, the court granted defendants' motions for summary judgment. Rowen appeals. We affirm and remand for determination of appropriate sanctions.
 
 1. RESPONDEAT SUPERIOR
 
 3
 The court properly substituted the United States as a party because its employees were sued for acts occurring in the course of employment. 28 U.S.C. Sec. 2679(d)(1) and (2). Whether they were in the course of employment is a mixed question of law and fact reviewed de novo. Meridian International Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir.1991). Because the Attorney General certified that the employees' acts took place in the course of employment, Rowen bore the burden of proving that the acts were outside the scope of employment. See Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993).
 
 
 4
 Whether an act is within the scope of employment is based on these nonexclusive factors: (1) whether the conduct is of the kind the employee is employed to perform; (2) whether the conduct occurs substantially within the authorized time and space limits; (3) whether the conduct is actuated, at least in part, by a purpose to serve the employer. Doe v. Samaritan Counseling Center, 791 P.2d 344 (Alaska 1990).[1] The acts were of the type the employees were employed to perform. The IRS may issue administrative summons for the purpose of "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. Sec. 7602(b). Its authority extends to criminal investigations. United States v. Abrahams, 905 F.2d 1281 n. 4 (9th Cir.1990).[2] Furthermore, the acts were during business hours in a business setting and served the purposes of the agency. Rowen failed to raise any issues of material fact demonstrating that the employees acted outside the scope of their employment.[3]
 
 2. SOVEREIGN IMMUNITY
 
 5
 We review de novo a grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). A dismissal based on lack of subject matter jurisdiction is reviewed de novo. Carpenter v. DOT, 13 F.3d 313, 314 (9th Cir.1994).
 
 
 6
 Because the United States has not waived sovereign immunity for constitutional claims, the court lacked subject matter jurisdiction over Rowen's constitutional complaints. See, e.g., Pereira v. U.S. Postal Service, 964 F.2d 873, 876 (9th Cir.1990). His FTCA claims against the United States based on state law were properly dismissed because he failed to file or allege that he filed an administrative claim with the appropriate agency. 28 U.S.C. Sec. 2675(a); Hollman v. Watt, 708 F.2d 1399, 1402 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984).
 
 3. CLAIMS AGAINST THE INDIVIDUAL EMPLOYEES
 
 7
 The employees are absolutely immune from Rowen's state law claims because the FTCA provides the exclusive remedy for such torts committed in the course of employment. 28 U.S.C. Sec. 2679(b)(1); Green, 8 F.3d at 698.
 
 
 8
 The employees are protected by qualified immunity for constitutional torts (Bivens actions). Government employees are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Mitchel v. Forsyth, 472 U.S. 511, 517 (1985). Rowen bears the burden of demonstrating that the employees' acts violated clearly established constitutional rights. See Maratzi v. First Interstate Bank of California, 953 F.2d 520, 523 (9th Cir.1992). His conclusory allegations that his 4th and 5th amendment rights were violated are insufficient to defeat a qualified immunity claim. Id.
 
 4. CLAIMS AGAINST ELLIOTT
 
 9
 Rowen's brief fails to address his complaints against Elliott. We consider those claims waived. Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir.1991).
 
 
 10
 He apparently questions whether the court had jurisdiction over his state law claims. When the court exercises removal jurisdiction it also has discretionary jurisdiction over pendent state law claims under 28 U.S.C. Sec. 1367(a). To the extent Rowen raised state claims against Elliott, the court had discretion to resolve those claims after dismissing those that gave the court jurisdiction. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993).
 
 5. SANCTIONS
 
 11
 Elliott requests attorney's fees and double costs against Rowen for bringing a frivolous appeal. An appeal is frivolous when "the results are obvious or wholly without merit." In re Eisen, 14 F.3d 469, 471 (9th Cir.1994) (citations omitted).
 
 
 12
 Rowen's appeal of his claims against Elliott has no merit. 26 U.S.C. Sec. 7609(i)(3) clearly grants her immunity. Rowen failed even to mention the statute, much less advance a colorable argument why it should not apply to Elliott. Rowen's brief failed to provide a statement of the issues or specifically address any argument supporting his claims against Elliott.
 
 
 13
 The court has already sanctioned Rowen for suing Elliott. But he continues to burden the legal system by bringing this meritless appeal for vindictive purposes.
 
 
 14
 AFFIRMED and REMANDED to the district court to determine sanctions for the frivolous appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 State law determines whether an act is within the course of employment. Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 876 (9th Cir.1992)
 
 
 [2]
 The cases Rowen cites for the proposition that the IRS may not issue summons in connection with criminal investigations are no longer good law. Abrahams, 905 F.2d at 1281 n. 4
 
 
 [3]
 The court permitted Rowen to cross-examine the employees to determine if there were any relevant factual disputes. Although he complains that the scope of cross was limited, none of his unanswered questions would have elicited relevant testimony