James Adolphis BOYD, Plaintiff–
Appellant,

v.

Tana WOOD, Defendant–Appellee.

No. 94–35147.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 1995.

Decided April 21, 1995.

James Adolphis Boyd, pro per, Walla Walla, Washington, for plaintiff-appellant.

No appearance for defendant-appellee.

Before: WRIGHT, POOLE, and WIGGINS, Circuit Judges.

OPINION *

PER CURIAM:

James Adolphis Boyd, a Kansas state prisoner housed at the Washington State Penitentiary pursuant to the Interstate Corrections Compact (ICC), appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 action alleging that Washington state prison authorities have denied him meaningful access to the courts because the law library at the Washington State Penitentiary contained inadequate Kansas state law materials. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's determination that a claim is frivolous under § 1915(d), *Denton v. Hernandez*, 504 U.S. 25, 33–35, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992), and we affirm.

Here, we need only determine whether the Washington officials had the responsibility to assure Boyd reasonable access to the Kansas legal materials he needed for his allegedly pending litigation in the Kansas courts. This presents an issue of first impression in this Circuit. The Tenth Circuit has held that sending state authorities maintain the responsibility of providing required state legal materials for their prisoners incarcerated in sister state facilities. *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir.1993); *see also Rich v. Zitnay*, 644 F.2d 41, 43 (1st Cir.1981) (state authorities housing state prisoner in federal prison in sister state re-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.

34(a); 9th Cir.R. 34–4. Accordingly, Boyd's request for oral argument is denied.

mained responsible for providing prisoner with access to state legal materials). We agree with the Tenth Circuit, and hold that sending state authorities maintain responsibility for providing state legal materials to their prisoners incarcerated in out-of-state facilities.

Therefore, because Kansas state authorities, not Washington state authorities acting under the ICC, were responsible for providing required Kansas legal materials, the district court properly determined that Boyd named the wrong defendant. Furthermore, because a Kansas official would not have been subject to service of process in the state of Washington, any amendment of the complaint would have been futile. *See* Fed. R.Civ.P. 4(k). Accordingly, the district court did not abuse its discretion by dismissing Boyd's action with prejudice.

**AFFIRMED.**