57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robin John DELGADO, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; the Federal Bureau of Investigation;
America's Most Wanted; Unidentified View, Unidentified View
of America's Most Wanted; United States of America; Fox
Television Station, Inc., Defendants-Appellees.
 No. 94-55882.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robin John Delgado appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his action under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971),[1] and the district court's grant of summary judgment for the United States in his claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. Secs. 1346(b), 2671-80.[2] Delgado alleged that his rights were violated when he was mistakenly arrested following a tip from a confidential informant. Delgado also contends that the district court erred by not allowing him to amend his complaint and complete discovery before granting summary judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Delgado first contends that the district court erred by granting summary judgment for the United States on Delgado's claims under the FTCA. This contention lacks merit.
 
 
 4
 Under the FTCA, the United States is liable to the extent of a private person in "like circumstances." 28 U.S.C. Sec. 2674; Aguilar v. United States, 920 F.2d 1475, 1477 (9th Cir.1990). "[I]n the special circumstances where the federal actor is a police officer without a private analogue, liability is determined by reference to state liability for government employees." Id. Furthermore, the liability of the United States is limited to the same extent that liability for state and municipal entities is limited by state law. Id. at 1477-78. Under California law
 
 
 5
 There shall be no liability on the part of, and no cause of action shall arise against, any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant.
 
 
 6
 Cal.Civ.Code Sec. 43.55.
 
 
 7
 Here, Delgado was arrested pursuant to an arrest warrant that was valid on its face. In addition, Delgado raised no genuine issue of fact that the arresting officers acted either with malice or without the reasonable belief that Delgado was the individual named on the arrest warrant. Accordingly, the district court correctly found that the United States was immune from liability under the FTCA. See id.; Aguilar, 920 F.2d at 1477.
 
 
 8
 Delgado next contends that the district court erred by dismissing his Bivens claims against the United States as barred by sovereign immunity. This contention lacks merit.
 
 
 9
 "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." Pereira v. USPS, 964 F.2d 873, 876 (9th Cir.1992) (quotations omitted). The United States has not waived its sovereign immunity for damage claims arising from constitutional violations. Id. Accordingly, Delgado's suit against the United States for damages for alleged constitutional violations is barred by the doctrine of sovereign immunity. See id.
 
 
 10
 Finally, Delgado contends that he should have been allowed to conduct further discovery and amend his complaint to name individual defendants not entitled to sovereign immunity. This contention lacks merit.
 
 
 11
 A district court is not required to allow amendment where such amendment would be futile. Boyd v. Wood, 52 F.3d 820, 820-21 (9th Cir.1995). Here, any individual defendants named would have been entitled to qualified immunity. Act up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). Accordingly the district court did not err by denying Delgado's request to amend his complaint.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although plaintiff brought the action under 42 U.S.C. Sec. 1983, the district court correctly noted that Delgado could not bring a Sec. 1983 action against federal defendants and construed that action as one under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971)
 
 
 [2]
 On January 21, 1993, Delgado voluntarily dismissed the FBI without prejudice. On September 9, 1993, Delgado voluntarily dismissed Fox Television Station and America's Most Wanted with prejudice. On May 9, 1994, Delgado voluntarily dismissed the City of Los Angeles