67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ted L. WAYNE, Plaintiff-Appellant,
v.
STATE of Oregon; Rodney W. Miller; Duane R. Ertsgaard;
Marion County; Polk County; John D. Ostrander; Federal
Trade Commission, Federal Trade Commission; Mitchell,
Rodrigues & Sears; Tooze, Shenker, Duden, Creamer, Frank &
Hutchison; Robert C. Cannon; Michael J. Hanson; Robert
Prinslow; Greg Hansen, Defendants-Appellees.
 No. 94-36170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ted L. Wayne appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. The district court dismissed: (1) the State of Oregon as barred by the Eleventh Amendment; (2) the Federal Communications Commission ("FCC") as barred by sovereign immunity; and (3) the remaining defendants for failure to comply with a district court order. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Wayne first contends that the district court erred by dismissing the State of Oregon, and the FCC from his Sec. 1983 action. This contention lacks merit.
 
 
 4
 The Eleventh Amendment bars suits for damages in federal court against states, state agencies or arms of the state. Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992) (per curiam). Accordingly, Wayne's claim against the State of Oregon is barred by the Eleventh Amendment. See id.
 
 
 5
 Furthermore, an action against a federal agency is in essence an action against the United States. Geristen v. Consulado General Counsel de Mexico, 989 F.2d 340, 343 (9th Cir.1993), cert. denied, 114 S.Ct. 95. The United States has not waived sovereign immunity for constitutional torts. Perrier v. United States Postal Service, 964 F.2d 873, 876 (9th Cir.1992). Accordingly, the district court properly dismissed Wayne's claim against the FCC as barred by sovereign immunity. See id.
 
 
 6
 To the extent that Wayne's claim could be construed as an action under Federal Torts Claims Act, 28 U.S.C. Secs. 2671-2680, Wayne has not complied with the administrative claim requirement, which is jurisdictional and may not be waived, Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir.1995).
 
 
 7
 Wayne contends that the district court erred by dismissing his claim against the remaining defendants because he failed to amend his complaint as ordered by the district court. This contention lacks merit.
 
 
 8
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment. Id.
 
 
 9
 Here, on August 24, 1994, the magistrate judge issued a recommendation that the FCC and the State of Oregon be dismissed, and that Wayne be ordered to amend his complaint as to the remaining defendants. The recommendation warned Wayne that "a failure to amend the complaint within 30 days shall result in the dismissal of this action with prejudice." On September 16, 1994, the district court dismissed the FCC and the State of Oregon with prejudice and ordered Wayne to file an amended complaint within 30 days as to the remaining defendants. Wayne did not file an amended complaint. Instead, on September 19, 1994, Wayne filed a "Motion for Extension of time [sic] to Answer Court" which the district court construed as a motion for extension of time to object to the August 24, 1994 recommendation, and denied. At this time, the district court informed Wayne that he could file a motion for an extension of time to file the amended complaint if he so wished. On October 21, 1994, Wayne filed a "MEMORANDUM OF LAW AND ARGUMENT [Supporting amended complaint]." On October 24, 1994, the magistrate judge recommended that the district court dismiss Wayne's action for failure to amend, noting that Wayne's October 21, 1994, filing was untimely, and even if liberally construed, did not constitute an amended complaint. On November 15, 1994, the district court dismissed Wayne's action for failure to comply with a court order. Wayne timely appealed.
 
 
 10
 In light of the express instructions given to Wayne and his failure to amend his complaint, the district court did not abuse its discretion by dismissing Wayne's action. See Ferdik, 963 F.2d at 1261-62.
 
 
 11
 On appeal, defendants Ostrander; Tooze, Shenker, Duden, Creamer, Frank & Hutchison; and Lehner, Mitchell, Rodrigues & Sears, request sanctions against Wayne for filing a frivolous appeal. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912. Although Wayne's appeal is wholly without merit, we decline to impose sanctions. We admonish Wayne, however, that future frivolous filings will subject him to monetary sanctions.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Wayne's motion to file separate briefs is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3