92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur BOYNE, Plaintiff-Appellant,
v.
Michael POLITIS; State Attorney of Volusia County; David
Damore; Volusia County; Sheriff, Volusia County; Samuel
Lewis; Humana Hospital; David Morgan; Richard Albrecht;
Leonard Barrow; Linda Barrow; Harry K. Singletary; Robert
Porter; Dale Grim, Defendants-Appellees.
 No. 95-15604.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Boyne, a prisoner originally incarcerated in Florida and temporarily transferred to Arizona, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]
 
 
 3
 Boyne contends that the district court erred by dismissing the Florida defendants for lack of personal jurisdiction.[2] We review de novo the district court's determination of personal jurisdiction. See Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991). Upon our review of the record, we conclude that the district court did not err by declining to exercise personal jurisdiction over these defendants. See Ziegler v. Indian River Co., 64 F.3d 470, 474-76 (9th Cir.1995).
 
 
 4
 Boyne further contends that the district court erred by dismissing these defendants for lack of personal jurisdiction instead of transferring the case to Florida pursuant to 28 U.S.C. § 1406. Because Boyne did not seek transfer until his motion for reconsideration, the district court did not abuse its discretion by denying Boyne's request for transfer. See Rosenfeld v. United States Dep't of Justice, 57 F.3d 803, 811 (9th Cir.1995), cert. denied, 116 S.Ct. 833 (1996); Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 5
 Boyne also contends that the district court erred by dismissing his claims against Arizona prison officials for failure to state a claim. We review de novo the district court's dismissal for failure to state a claim. See Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Insofar as Boyne argued that Arizona prison officials violated his constitutional rights by failing to provide Florida state legal materials, the district court did not err by dismissing the claim. See Boyd v. Wood, 52 F.3d 820, 821 (9th Cir.1995) (per curiam) (holding that it is the responsibility of the sending state to provide legal materials for prisoners who have been transferred out of the sending state).
 
 
 6
 In addition, Boyne contends the district court erred by denying his request to amend his complaint to include allegations that Arizona prison officials denied him access to legal materials, read his legal correspondence, and subjected him to cruel and unusual punishment. "We review denial of leave to amend for abuse of discretion." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991) (citation and internal quotation omitted). Here, we conclude that the district court did not abuse its discretion by denying Boyne leave to amend his complaint and dismissing his supplementary claims against Arizona prison officials. See id.
 
 
 7
 Finally, Boyne contends that the district court erred by denying his motions for sanctions. Upon our review of the record and the defendants' challenged filings, we cannot conclude that the district court abused its discretion by denying Boyne's motions for sanctions. See Cooter & Gell v. Haltmax Corp., 496 U.S. 384, 405 (1990); Larez v. Holcomb, 16 F.3d 1513, 1521-22 (9th Cir.1994).
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Boyne's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of Fed.R.App.P. 4(a)(4), the time for the filing of the notice of appeal began to run after the district court's denial of Boyne's motion for reconsideration. Accordingly, Boyne's notice of appeal was timely filed
 
 
 [2]
 Leonard Barrow, Humana Hospital, David Damore, Michael Politis, the Office of State Attorney, Robert M. Porter, Harry K. Singletary, David S. Morgan, Volusia County, and the Sheriff of Volusia County are citizens of Florida and were dismissed for lack of personal jurisdiction
 
 
 [3]
 Boyne's motion to certify questions to the supreme courts of Arizona and Florida and his motion to stay proceedings are denied
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal.