**Robert E. DYER, Plaintiff—Appellant,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 05–35110.
D.C. No. CV–04–05367–RBL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

R.App. P. 34(a)(2).

Robert E. Dyer, Westport, WA, pro se.

Richard A. Latterell, Patricia M. Bowman, Attorney, DOJ–U.S Department of Justice Tax Division, for Defendant–Appellee.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Robert E. Dyer appeals pro se the district court's order dismissing his action seeking (1) an order compelling the United States to prosecute him for tax fraud and tax evasion, (2) an injunction prohibiting the Internal Revenue Service from taking any collections action against any citizen until his case is resolved, and (3) an award of ten million dollars in damages. Dyer also appeals the district court's order denying his motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a dismissal for failure to state a claim pursuant

to Fed.R.Civ.P. 12(b)(6), and a summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994), and we affirm.

The district court correctly determined that it had no authority to force the government to exercise its discretion to prosecute Dyer. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (noting that decision whether to prosecute "generally rests entirely in [the prosecutor's] discretion").

The district court also did not err in dismissing Dyer's damages claim. To the extent Dyer sought damages from the United States for allegedly violating his constitutional rights, his claim was barred by sovereign immunity. *See Pereira v. United States Postal Serv.*, 964 F.2d 873, 876 (9th Cir.1992). Dyer also did not state a damages claim against the President under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because it is clear from the complaint that Dyer was suing the President in his official capacity. *See Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."). To the extent Dyer sought damages for alleged tortious acts by the IRS or others in the government, the district court properly concluded that Dyer had failed to exhaust his administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Dyer's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.