**Richard RAMOS, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

**No. 06–15281.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Richard Ramos, Marina, CA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David L. Denier, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, Kenneth W. Rosenberg, Esq., Richard Farber, Esq., DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM **

Richard Ramos appeals pro se the district court's judgment of dismissal following denial of his motion to file an amended complaint in his action against the United States which challenged levies against him by the Internal Revenue Service ("IRS"). Ramos alleged due process violations in the levy procedure and sought damages under 26 U.S.C. § 7433 and to quiet title under 28 U.S.C. § 2410. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss, *Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995), and affirm.

To the extent Ramos sought damages from the United States for allegedly violating his constitutional rights, his claim was barred by sovereign immunity. *See Pereira v. United States Postal Serv.,* 964 F.2d 873, 876 (9th Cir.1992).

The district court also properly dismissed Ramos's claim for damages for alleged tortious acts by IRS employees on the ground that Congress has established a comprehensive statutory scheme for

seeking redress in federal tax matters, which he has not followed. *See* 26 U.S.C. § 7433; *Adams v. Johnson,* 355 F.3d 1179, 1186 (9th Cir.2004).

Ramos also may not use the quiet title statutes to collaterally attack the merits of an IRS deficiency assessment. *See Hughes v. United States,* 953 F.2d 531, 538 (9th Cir.1992).

To the extent he contends that federal income tax statutes and procedures violate the Constitution, we summarily reject such arguments. *See United States v. Nelson (In re Becraft),* 885 F.2d 547, 548 (9th Cir.1989) (discussing frivolous arguments that challenge application of the federal income tax laws to United States citizens).

**AFFIRMED.**