

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER ESTRADA, | No. 08-16154 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00052-NVW-LOA |
| v. | |
| JOE W. BOOKER, JR., Warden; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Francisco Javier Estrada, a federal prisoner, appeals pro se from the district

court's judgment in his action brought under *Bivens v. Six Unknown Named Agents*

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

*of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and review for clear error its factual determinations concerning exhaustion, *id.* We affirm in part, vacate in part, and remand.

The district court properly determined that Estrada failed to state a claim under the FTCA because he alleged only violations of his federal constitutional rights. *See Pereira v. U.S. Postal Serv.*, 964 F.2d 873, 876-77 (9th Cir. 1992) (explaining that constitutional torts are not cognizable under the FTCA).

The district court concluded that, with regard to his *Bivens* claims, Estrada failed to properly exhaust administrative remedies prior to filing his federal action. It reasoned that Estrada had voluntarily withdrawn his administrative appeal. However, Estrada stated in his verified complaint and sworn opposition that he withdrew his appeal because a prison Health Services Administrator promised him he would receive all the dental care he requested if he did so, and his subsequent appeal was denied as a result of that withdrawal. The district court did not consider Estrada's reasons for withdrawing the appeal. Accordingly, we vacate

and remand for further proceedings. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

The district court did not abuse its discretion by denying Estrada's motions for appointment of counsel because he failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The district court properly denied Estrada's motion for a temporary restraining order because he did not certify his efforts to give notice of the motion to defendants. *See* Fed. R. Civ. P. 65(b)(1)(B). The district court did not abuse its discretion by denying the motion for a preliminary injunction because Estrada did not demonstrate a likelihood of success on the merits or raise serious questions as to the merits. *See Harris v. Bd. of Supervisors*, 366 F.3d 754, 759-60 (9th Cir. 2004) (setting forth abuse of discretion standard of review and requirements to obtain a preliminary injunction).

Appellees' unopposed Motion to Strike Non-Record Exhibits Submitted with Appellant's Reply Brief is granted.

Appellees shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**