832 F.2d 1061
 Ervin Weston BRADLEY, Appellant,
v.
UNITED STATES POSTAL SERVICE; Joe L. Allman, Postmaster of
Jacksonville Post Office; J.R. Kuzilik, United
States Postal Inspector, Appellees.
 No. 87-1291.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 1, 1987.
Decided Nov. 10, 1987.
 
 Keith Vaughan, Jacksonville, Ark., for appellant.
 Richard M. Pence, Jr., Little Rock, Ark., for appellees.
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ervin Weston Bradley appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas granting appellees' motion for summary judgment. For reversal, appellant argues that the district court erred in concluding that appellant's available statutory remedies precluded his judicial action based on alleged constitutional violations incident to his termination from federal employment. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 In reviewing this grant of summary judgment, we state the facts in the light most favorable to appellant and give him the benefit of all reasonable inferences that can be drawn from these facts. See, e.g., Poolman v. Nelson, 802 F.2d 304, 306 (8th Cir.1986). Appellant, a former employee of the United States Postal Service, was accused of forgery on a request-for-annual-leave form. After being threatened with criminal prosecution if he did not tender his resignation, appellant resigned, but eight days later requested that his resignation not be processed. The request was denied.
 
 
 3
 Appellant submitted a grievance under the collective bargaining agreement,[2] charging that he had been intimidated into resigning. On January 25, 1985, appellant received a letter from his union stating that review of the evidence showed that the Postal Service did not violate appellant's rights under the collective bargaining agreement and, moreover, that appellant's resignation precluded him from access to the grievance procedure. Appellant did not pursue the grievance further but brought this action in federal court seeking punitive and compensatory damages, reinstatement, backpay and injunctive relief against the Postal Service and two postal officials for violation of his fifth amendment rights. The district court, relying on Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), granted appellees' summary judgment.
 
 
 4
 In Bush v. Lucas the Supreme Court expressly declined to recognize a Bivens-type[3] claim by federal employees for alleged first amendment violations arising out of the employment relationship, in light of the comprehensive remedies enacted by Congress in the Civil Service Reform Act of 1978 for such claims.[4] Id. at 388-90, 103 S.Ct. at 2416-17.
 
 
 5
 The rationale of Bush v. Lucas has been extended beyond first amendment violations to fifth amendment due process claims similar to those raised by appellant. See Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318 (10th Cir.1985), cert. denied, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986); Dynes v. Army Air Force Exchange Service, 720 F.2d 1495 (11th Cir.1983).
 
 
 6
 In Premachandra v. United States, 739 F.2d 392, 394 (8th Cir.1984), this court concluded that Congress intended the civil service laws to provide the sole remedy for federal employees challenging wrongful termination decisions. We find no merit in appellant's unsupported argument that the civil service regulatory scheme was unavailable to him because he was not officially terminated but rather resigned.
 
 
 7
 Accordingly, we affirm the district court on the basis of its well-reasoned opinion. See 8th Cir.R. 14.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge, for the Eastern and Western Districts of Arkansas
 
 
 [2]
 The Postal Service has authority under 39 U.S.C. Sec. 1206(b) to enter into collective bargaining agreements with unions. Appellant was a member of the National Association of Letter Carriers
 
 
 [3]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [4]
 The Civil Service Reform Act of 1978 created the Merit Systems Protection Board (MSPB) which assumed the adjudicative functions of the former Civil Service Commission. 5 U.S.C. Sec. 1205. Non-probationary preference eligible employees such as appellant may use the merit system. 5 U.S.C. Sec. 7511(a)(1)(B); 39 U.S.C. Sec. 1005(a). The MSPB may order reinstatement, award backpay and attorney's fees. 5 U.S.C. Secs. 1205, 7701. Final decisions of the MSPB are subject to judicial review. 5 U.S.C. Sec. 7703