# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1079

_____

Willis Sisley, Mail Carrier Employed    *
at Iowa City, Iowa, Post Office,    *
   *
   Appellant,    *
   *    Appeal from the United States
   v.    *    District Court for the Southern
   *    District of Iowa.
Rick Leyendecker, Supervisor at    *
Iowa City, Iowa, Post Office,    *
and John Becker, Supervisor at    *
Iowa City, Iowa, Post Office,    *
   *
   Appellee.    *

_____

Submitted: June 13, 2001

Filed: August 9, 2001

_____

Before LOKEN, HALL,[1] and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Willis Sisley worked as a mail carrier for the United States Postal Service for more than thirteen years before he resigned due to his continuing conflict with his

_____

[1]The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

supervisors. After his resignation, Mr. Sisley brought a so-called *Bivens* action against his former supervisors, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court[2] dismissed Mr. Sisley's complaint, ruling that he had no *Bivens* action because he was covered by the Postal Reorganization Act, *see* 39 U.S.C. §§ 101, *et seq.* Mr. Sisley appealed, and we affirm the judgment of the district court.

Mr. Sisley contends that he should be allowed to sue his former supervisors under *Bivens* because they retaliated against him after he sought to exercise rights secured to him under a collective bargaining agreement. Because the defendants continually harassed him at work, Mr. Sisley claims that he was eventually forced to leave his job to avoid the unrelenting psychological torment, and was thus deprived of his Fifth Amendment right to the property interest in his position. He also claims that the defendants deprived him of his First Amendment rights.

We review the district court's decision to grant the motion to dismiss *de novo*. *See Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). In determining whether the district court properly granted the motion, we must accept all of the allegations set forth in Mr. Sisley's complaint as true, and we will affirm only if it appears beyond doubt that he cannot prove any set of facts in support of his claim which would entitle him to relief. *See Carpenter Outdoor Adver. Co. v. City of Fenton*, 251 F.3d 686, 688 (8th Cir. 2001).

Although *Bivens* permits lawsuits against federal officials for money damages arising from constitutional violations, the Supreme Court indicated that no *Bivens* action will lie where Congress has provided an alternative remedial system. *See*

---

[2]The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, sitting by consent of the parties. *See* 28 U.S.C. § 636(c); *see also* Fed. R. Civ. P. 73(a).

*Bivens*, 403 U.S. at 396-97. The Court has given effect to this principle at least twice. In *Bush v. Lucas*, 462 U.S. 367, 385-390 & 386 n.30 (1983), the Court rejected a claim for damages brought by an engineer employed by the federal government because he was already protected by procedural and substantive rights provided to him by federal statutes, executive orders, and regulations in effect at the time. The Court reasoned that where Congress has set up "an elaborate remedial system ... with careful attention to conflicting policy considerations ... a new judicial remedy for [a] constitutional violation" ought not be created. *Id.* at 388.

Similarly, in *Schweiker v. Chilicky*, 487 U.S. 412, 420, 424-29 (1988), the Supreme Court rejected a *Bivens* claim for the wrongful denial of Social Security benefits because there was already a significant administrative structure and process in place to regulate the system and vindicate the rights that it established. In *Schweiker*, 487 U.S. at 423, the Court, citing its prior decisions including *Bush*, observed that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," the Court has refused to create "additional *Bivens* remedies."

In light of *Bush* and *Schweiker*, we do not think that Mr. Sisley can have a *Bivens* claim against his former supervisors. As a mail carrier, Mr. Sisley possessed rights and had access to grievance procedures provided by the Postal Reorganization Act, *see*, *e.g.*, 39 U.S.C. § 1001(b) (guaranteeing Postal Service employees right to "fair hearing on adverse actions"), and by the collective bargaining agreement between his union and the Postal Service, *see* 39 U.S.C. § 1203 (recognizing Postal Service employees' collective bargaining rights). He does not deny this and indeed he admits that he has enjoyed some past successes in dealing with his supervisors by filing grievances through his union. Because Mr. Sisley had an extensive array of statutorily-created rights and procedures provided to him by Congress, we hold that he is precluded from seeking relief outside of that system. *See Bradley v. United States*

*Postal Service*, 832 F.2d 1061, 1062 (8th Cir. 1987) (*per curiam*); *see also Bennett v. Barnett*, 210 F.3d 272, 275-76 (5th Cir. 2000); *Roman v. United States Postal Service*, 821 F.2d 382, 386 (7th Cir. 1987).

Mr. Sisley maintains that this lawsuit is his only recourse against the wrongful conduct of his supervisors because they always harassed and retaliated against him whenever he sought to exercise his rights. We do not think, however, that he would have a *Bivens* claim even if these allegations are true. As we have repeatedly recognized, a *Bivens* claim may be precluded in circumstances where the remedies provided by Congress do not afford relief for the injury asserted. *See Carpenter's Produce v. Arnold*, 189 F.3d 686, 689 (8th Cir. 1999); *Krueger v. Lyng*, 927 F.2d 1050, 1053-54 (8th Cir. 1991). Congress could have provided a remedy for Mr. Sisley's harassment claim if it had wanted to, but it did not. We note furthermore that there is no evidence that the procedures available to Mr. Sisley would have proved inadequate in any event, because he did not attempt to file any grievances to stop the alleged harassment by the defendants. Mr. Sisley thus failed to state a claim under *Bivens*.

For the reasons indicated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.